IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00899-BNB

JOHN WILLIAM ZIMMERMAN,

    Plaintiff,

v.

OTERO COUNTY COURTS,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, John William Zimmerman, has filed a *pro se* complaint. He has paid the $350.00 filing fee.

The Court must construe Mr. Zimmerman's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Zimmerman will be directed to file an amended complaint.

Mr. Zimmerman's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Zimmerman to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Zimmerman asserts jurisdiction pursuant to "Hollins v. Brierfield Coal and Iron Company Secured Party/Creditor, Sovereign." Complaint at 2. However, this is not a proper basis for the Court's jurisdiction. Mr. Zimmerman fails to set forth a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Zimmerman fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited

> jurisdiction, and the burden of establishing the contrary rests
> upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Mr. Zimmerman also set forth a short and plain statement of his claims showing he is entitled to relief.  His allegations are repetitive, confusing, and conclusory, and fail to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  In addition, Mr. Zimmerman has attached 82 pages of unexplained affidavits and exhibits to the Complaint.

Mr. Zimmerman must present his claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Zimmerman will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.  In the amended complaint, Mr. Zimmerman must allege, simply and concisely, his specific claims for relief.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

In addition, Mr. Zimmerman also may not sue the State of Colorado.  The State of Colorado and its entities, like the Otero County Court, are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66


(1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, Otero County Court is not a proper party to this action.

Mr. Zimmerman, therefore, will be directed to file an amended complaint that asserts a basis for this Court's jurisdiction, states his claims clearly and concisely, asserts what rights were violated and names only proper parties to this action. Accordingly, it is

ORDERED that Plaintiff, John William Zimmerman, file within thirty days from the date of this order an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Zimmerman shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Zimmerman fails to file an amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 11, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                      <u>s/ Boyd N. Boland</u>
                                      United States Magistrate Judge